## CIRCUIT COURT OF THE CITY OF RICHMOND

Debira D. Parker

v.

Aetna Ins. Co.
and GEICO

June 18, 1993

Case No. LU-3263

BY JUDGE RANDALL G. JOHNSON

This action arises out of an automobile accident which occurred in Virginia on October 12, 1991. A subsequent personal injury action resulted in a judgment in favor of plaintiff, Debira D. Parker, against Rene W. Julian in the amount of $30,000. At the time of the accident, Julian, a nonresident, was covered by a liability insurance policy issued by defendant Government Employees Insurance Company (GEICO). That policy, which was issued in Louisiana, had a $10,000 limit, and GEICO has paid that amount to plaintiff. Also at the time of the accident, plaintiff was covered by a policy issued by defendant Aetna Insurance Company, which policy included uninsured motorist coverage of $300,000. It is GEICO's position that it, GEICO, has paid all that it is required to pay under the policy, and that the balance of the judgment must be paid by Aetna. Aetna, on the other hand, argues that GEICO must provide insurance coverage of $25,000, leaving only $5,000 to be paid by Aetna. Plaintiff, knowing she will be paid by one insurer or the other, takes no position. GEICO and Aetna have filed cross-motions for summary judgment, and the case is ripe for decision.

As already stated, Julian's policy with GEICO had a limit of $10,000. A provision in that policy, however, stated:

### Out of State Insurance

When the policy applies to the operation of a motor vehicle outside of your state, we agree to increase your coverage to the extent required of out-of-state motorists by local law. This

additional coverage will be reduced to the extent you are protected by another insurance policy. No person can be paid more than once for any item of loss.

In light of this provision, the question for determination is whether Virginia requires out-of-state motorists to have insurance coverage of at least $25,000. I do not believe that it does.

Va. Code § 46.2–472 provides that every motor vehicle owner's policy shall have minimum limits of $25,000 for bodily injury to or death of one person, $50,000 for bodily injury to or death of two or more persons, and $20,000 for property damage. That section only applies, however, to insurance policies which have been certified as proof of financial responsibility. Va. Code § 46.2–477. Such proof is required by §§ 46.2–435 and 46.2–436. They provide as follows:

§ 46.2–435. *Proof of financial responsibility to be furnished for each vehicle.* — Proof of financial responsibility in the amounts required by this chapter shall be furnished for each motor vehicle registered by the person required to furnish such proof.

§ 46.2–436. *Methods of proving financial responsibility.* — Proof of financial responsibility when required under this chapter may be given by proof that:

1. A policy or policies of motor vehicle liability insurance have been obtained and are in full force;
2. A bond has been duly executed;
3. A deposit has been made of money or securities; or
4. A self-insurance certificate has been filed, all as provided in this chapter.

Thus, a person applying for registration of a vehicle may provide proof of financial responsibility by one of three ways other than having an insurance policy. Such person may then also obtain insurance but not rely on such insurance as proof of financial responsibility. My reading of the Code has uncovered no impediment to such policy having enforceable limits less than those called for by § 46.2–472, since such policy was not certified as proof of financial responsibility. To that extent, Aetna's argument that § 46.2–472 does not apply to "voluntary" policies appears to be correct. The question still remains, how-

ever, as to whether a nonresident motorist who has insurance must have limits of at least $25,000/$50,000/$20,000.

Section 46.2–431, which is also a part of the chapter of Title 46.2 containing all of the previously-cited sections, provides:

> Every provision of this chapter applies to any person who is not a resident of the Commonwealth under the same circumstances as it would apply to a resident. No nonresident may drive any motor vehicle in the Commonwealth and no motor vehicle owned by him may be driven in the Commonwealth, unless the nonresident has complied with the requirements of this chapter with respect to giving proof of financial responsibility in the future.

Quite frankly, I am not at all sure what the General Assembly meant by the last sentence of this section. Specifically, I do not understand what is meant by the requirement that a nonresident, in order to operate a motor vehicle in Virginia, must have "complied with the requirements of this chapter with respect to giving proof of financial responsibility *in the future*." Whatever the General Assembly intended, however, I do not believe that this section, by itself, requires a nonresident to have insurance at all, much less in the amounts required for policies certified as proof of financial responsibility. At most, this section, when read with other sections, appears to allow the Department of Motor Vehicles to require a nonresident, as a condition for *continued* driving, to provide proof of financial responsibility. Otherwise, the words "in the future" make no sense. In any event, I hold that neither § 46.2–431, nor § 46.2–472, nor any other provision cited by Aetna, requires out-of-state motorists who have insurance but have not certified such insurance as proof of financial responsibility to have the minimum limits set out in § 46.2–472. Accordingly, the provision of GEICO's policy increasing coverage here is not invoked, and GEICO has paid all that it is required to pay. Aetna must pay the rest.